**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 03-1742**

─────────

EAST TENNESSEE NATURAL GAS COMPANY,

Plaintiff - Appellee,

versus

JOHN BRADLEY LAWSON; KENT WISE; STEVEN WISE,

Defendants - Appellants,

and

2.61 ACRES IN HENRY COUNTY, VIRGINIA; LUCY
CLARK, Commissioner of Revenue; JOHN DOE, et
al.; UNKNOWN OWNERS,

Defendants.

─────────

Appeal from the United States District Court for the Western
District of Virginia, at Danville.   Jackson L. Kiser, Senior
District Judge. (CA-02-117-4)

─────────

Submitted:  July 21, 2004          Decided:  August 24, 2004

─────────

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

John Bradley Lawson, Kent Wise, Steven Wise, Appellants Pro Se. Stephen Wesley Earp, Bruce Paul Ashley, SMITH MOORE, LLP, Greensboro, North Carolina; Daniel Simpson Brown, WOODS ROGERS, PLC, Roanoke, Virginia; Lela Merrell Hollabaugh, Michael Scott Mizell, WALLER, LANSDEN, DORTCH & DAVIS, Nashville, Tennessee, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Defendants appeal the district court's order granting a preliminary injunction to East Tennessee Natural Gas Company (ETNG). The injunction permits ETNG to take immediate possession of a tract of land in Henry County, Virginia, for construction of part of a natural gas pipeline. A final order of the Federal Energy Regulatory Commission granted ETNG a certificate of public convenience and necessity confirming that ETNG may, if necessary, acquire land for a pipeline by eminent domain.

This case is controlled by our recent decision in East Tenn. Natural Gas Co. v. Sage, 361 F.3d 808 (4th Cir. 2004), where we held that "once a district court determines that a gas company has the right to condemn property under the [Natural Gas Act], the court may use its equitable power to grant the remedy of immediate possession through the issuance of a preliminary injunction." Id. at 831. Further, for the reasons articulated in Sage, we find no abuse of discretion in the district court's conclusion that the four factors relevant to granting or denying an injunction weighed in favor of giving ETNG immediate possession of the property at issue in this appeal. See id. at 828-30.

We accordingly affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED